## ELIZABETH RICHTER *v.* ALEXANDER G. RICHTER (AC 33189)

Gruendel, Beach and Schaller, Js.

Argued May 23—officially released July 31, 2012

*Elizabeth A. Richter*, pro se, the appellant (plaintiff).

*Edith F. McClure*, for the appellee (defendant).

*Opinion*

SCHALLER, J. In this marriage dissolution action, the plaintiff, Elizabeth Richter, appeals from a judgment of the trial court awarding attorney's fees to the defendant, Alexander G. Richter. Specifically, the plaintiff claims that the court abused its discretion by (1) concluding that she had engaged in litigation misconduct and (2) awarding attorney's fees without affording her the

opportunity at a hearing to question the attorney's fee affidavit submitted by the defendant. We affirm the judgment of the trial court.

On July 27, 2006, the plaintiff commenced the present action in the Superior Court seeking dissolution of her marriage to the defendant. On April 2, 2008, the trial court, *Epstein, J.*, entered a judgment of dissolution pursuant to an agreement between the parties. On April 17, 2009, the plaintiff filed a motion to open the judgment, claiming that the financial matters in the judgment were the product of fraud, coercion and mutual mistake. On June 30, 2010, the plaintiff filed a second motion to open, claiming that her right to due process was denied when the court permitted two successive attorneys to withdraw from representing her in 2007. On July 6, 2010, the defendant filed a motion for attorney's fees arguing that the plaintiff's conduct in connection with the present litigation constituted litigation misconduct.

On September 16, 2010, the trial court, *Hon. Herbert Barall*, judge trial referee, issued a memorandum of decision denying the plaintiff's motions to open. The court also granted the defendant's motion for attorney's fees in its decision, finding that after the plaintiff filed her original motion to open, "the file has erupted from one and a half volumes to four volumes" and that "even while the court heard the case, the file was being peppered with motions and uninvited memoranda." In addition, the court found that the plaintiff had caused "substantive legal costs to the defendant by filing false claims" and that she had filed the present case in order to "get even with a person she believed was her enemy." The court reserved determination of the precise amount of attorney's fees to be paid by the plaintiff until after a hearing at which the plaintiff would be afforded the

"opportunity to question the defendant's attorney's affidavit."[1]

The court scheduled a hearing on the amount of attorney's fees for October 28, 2010. This hearing was postponed because the plaintiff was ill. A second hearing was scheduled for November 30, 2010. Although the plaintiff attended this hearing, she again informed the court that she was ill and could not participate. A telephonic hearing was subsequently scheduled by the court on December 22, 2010. The court issued an order requiring that the plaintiff participate in this hearing unless she provided medical documentation indicating that she would be unable to participate telephonically due to her medical condition. The record contains no indication that the plaintiff filed such a document with the court. Despite the issuance of the court's order, the plaintiff could not be reached at her home on December 22, 2010. The following day, the court issued a memorandum of decision denying the plaintiff's request to further postpone the hearing on attorney's fees. In this memorandum, the court invited the plaintiff to question any item in the attorney's fees affidavit in writing by January 5, 2011. The plaintiff did not respond to the court's invitation.

On February 8, 2011, nearly five months after the defendant's motion for attorney's fees was granted, the court issued a memorandum of decision ordering the plaintiff to pay $56,210.18 to the defendant for attorney's fees.[2] In its decision, the court found that "there were 150 entries or filings between the filing of the [the plaintiff's initial] motion [to open] and the court's decision

---

[1] On September 21, 2010, and September 30, 2010, the trial court issued corrected memoranda of decision making certain clerical corrections to the opinion not relevant to the present appeal.

[2] This amount corresponds to the total of the fees and costs enumerated in the amended attorney's fees affidavit submitted by the defendant on December 1, 2010.

[dated September 30, 2010]." The court also found that "[t]he plaintiff created ninety-three of [these] filings" and that "[t]his number of filings between the filing of a motion and the decision is highly unusual . . . ." The plaintiff filed the present appeal on February 25, 2011, challenging the court's award of attorney's fees.[3]

"It is well established that we review the trial court's decision to award attorney's fees for abuse of discretion. . . . This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *Gianetti* v. *Norwalk Hospital*, 304 Conn. 754, 815, 43 A.3d 567 (2012).

"[T]his state follows the general rule that, except as provided by statute or in certain defined exceptional circumstances, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. . . . That rule does not apply, however, where the opposing party has acted in bad faith. . . . It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. . . . This bad faith exception applies, not only to the filing of an action, but also in the conduct of the litigation. . . . It applies both to the

[3] Although the plaintiff has also raised several claims of error pertaining to the court's denial of her motions to open, this court granted the defendant's motion to dismiss the plaintiff's appeal from these judgments as untimely on April 27, 2011. Consequently, our review is limited to the issue of attorney's fees.

party and his counsel. . . . Moreover, the trial court must make a specific finding as to whether counsel's [or a party's] conduct . . . constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers to impose attorney's fees for engaging in bad faith litigation practices." (Internal quotation marks omitted.) Id., 817.

The plaintiff's first claim is that the court abused its discretion by concluding that she had engaged in litigation misconduct. Specifically, the plaintiff argues that the court's finding of litigation misconduct was based solely on the fact that she had filed ninety-three documents and that, had the court engaged in a meaningful review of these filings, it would have discovered that they were necessary for the pursuit of her case. We disagree. Although the court did note the number of filings initiated by the plaintiff in its memorandum of decision dated February 8, 2011, the record indicates that the award of attorney's fees to the defendant was based on the merits of the plaintiff's motion to open and, more generally, the plaintiff's conduct during the course of litigation. Indeed, as noted previously, the court explicitly found that the plaintiff had "caused substantive legal costs to the defendant by filing false claims" and that the plaintiff had initiated the case in order to "get even" with the defendant.

The plaintiff's second claim is that the court abused its discretion by awarding attorney's fees without affording her the opportunity to question the affidavit submitted by the defendant's attorney at a hearing. Although we agree with the plaintiff's assertion that the party opposed to an award of attorney's fees is entitled to question the amount of fees requested at a hearing; see *Commission on Human Rights & Opportunities* v. *Sullivan*, 285 Conn. 208, 239, 939 A.2d 541 (2008); the plaintiff's claim that she was deprived of a hearing

on this issue is belied by the court's repeated attempts to schedule a hearing. As noted previously, a hearing was scheduled for October 28, 2010, but was delayed because the plaintiff was ill. The hearing was then rescheduled for November 30, 2010, but again continued at the request of the plaintiff. A telephonic hearing was then set for December 22, 2010. The plaintiff did not participate in this hearing despite the court's ordering her to do so. Finally, the court invited the plaintiff to question any item in the attorney's fees affidavit in writing by January 5, 2011. The plaintiff declined this invitation.

For the reasons given previously, we conclude that the court did not abuse its discretion in awarding attorney's fees to the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.